IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01223-MSK-CBS

JOEY YOUNG,

        Plaintiff,

v.

INVESTIGATOR BAUN EWEN,
INVESTIGATOR BORQUESZ, and
AURORA POLICE DEPARTMENT/NARCOTICS UNIT,

        Defendants.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

THIS MATTER comes before the Court on the Plaintiff's "Motion for Court to Issue Temporaray [sic] Restraining Order and Lein [sic] on Defendants [sic] Property and Assets Via Rule 65 " **(#44)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff, who is *pro se*,[1] moves for issuance of a temporary restraining order. He asks the Court to place a lien on the Defendants' property to prevent the Defendants from selling or otherwise disposing of their property. He contends that such action is needed to enable him to collect on a judgment in the event he prevails on his claims.

Pursuant to Fed. R. Civ. P. 65(b):

    (b) Temporary Restraining Order; Notice; Hearing; Duration. A

---

[1] Because the Plaintiff is *pro se,* the Court construes this motion liberally. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, the Court is not required to be his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

> temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. . . .

As with a request for a preliminary injunction, the Plaintiff must demonstrate by way of argument and affidavit: (1) that there is a substantial likelihood that he will eventually prevail on the merits of his claim; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to himself outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *See Autoskill Inc. v. National Educational Support Systems, Inc.,* 994 F.2d 1476, 1487 (10th Cir. 1993).

The Court is compelled to deny the Plaintiff's motion, for several reasons. First, the motion is unsigned. Under Fed. R. Civ. P. 11(a), the Plaintiff is required to sign all motions which he files with the Court. Second, the Plaintiff has made no showing or other argument to demonstrate that he is likely to prevail on the merits of his underlying claim.[2] Rather, his motion is concerned only with whether he will be able to collect on a judgment, should he prevail on his claims. Third, he does not address whether the harm to the Defendants of an injunction is outweighed by the harm to himself if no injunction is issued. Finally, he does not address the public interest.

---

[2] The Court notes that the Defendants have filed a motion to dismiss the Plaintiff's claim, to which he has not yet responded.

However, it appears that what the Plaintiff seeks is not the entry of a restraining order, but rather, the prejudgment seizure of the Defendants' property pursuant to Fed. R. Civ. P. 64. Rule 64 provides:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

In Colorado, prejudgment attachment is authorized in limited circumstances pursuant to C.R.C.P. 102, which provides:

> (a) Before Judgment. Any party, at the time of filing a claim, in an action on contract, express or implied, or in an action to recover damages for tort committed against the person or property of a resident of this state, or at any time after the filing but before judgment, may have nonexempt property of the party against whom the claim is asserted (hereinafter defendant), attached by an ex parte order of court in the manner and on the grounds prescribed in this Rule, unless the defendant shall give good and sufficient security as required by section (f) of this Rule. No ex parte attachments before judgment shall be permitted other than those specified in this Rule. . . . .

A writ of attachment under this rule cannot issue without an affidavit containing specific information, and payment of a bond. *See* Rule 102(b), (c) & (d). The Plaintiff has provided no

3

such affidavit.

**IT IS THEREFORE ORDERED** that the Plaintiff's "Motion for Court to Issue Temporaray [sic] Restraining Order and Lein [sic] on Defendants [sic] Property and Assets Via Rule 65 " **(#44)** is **DENIED**.

Dated this 25th day of September, 2007

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge